906 F.2d 693
 15 U.S.P.Q.2d 1367
 Turner L. KUNKEL and Richard A. Bissing, Plaintiffs-Appellants,
v.
TOPMASTER INTERNATIONAL, INC., Topmaster Sales, Inc., F.K.
Friedemann, F.K.F. Corporation, and Lloyd
Hartsell, Defendants-Appellees.
 No. 90-1067.
 United States Court of Appeals,
Federal Circuit.
 June 25, 1990.
 
 Michael F. Wright, of Case, Schroeder, Knowlson, Mobley & Burnett, Los Angeles, Cal., argued, for plaintiffs-appellants. Of counsel was Gary S. Mobley.
 Oakley C. Frost, of Menke, Fahrney & Carroll, Costa Mesa, Cal., argued, for defendants-appellees.
 Before MAYER and MICHEL, Circuit Judges, and CONTI, Senior District Judge.*
 MICHEL, Circuit Judge.
 
 
 1
 Turner L. Kunkel and Richard A. Bissing (collectively Kunkel) appeal an order of the United States District Court for the Central District of California dismissing with prejudice Kunkel's amended complaint, which included a patent infringement claim, for lack of subject matter jurisdiction. Kunkel v. Topmaster Int'l, Inc., Case No. CV 89-898 (C.D.Cal. Oct. 5, 1989). Kunkel also appeals the district court's dismissal without prejudice of his pendent unfair competition claim, as well as the court's denial of leave to further amend the complaint's patent infringement claim. Id. Because we conclude that the amended complaint did state a claim arising under the patent laws, the district court did have subject matter jurisdiction over Kunkel's complaint. Therefore, we reverse its dismissal and remand for further proceedings consistent with this opinion.
 
 BACKGROUND
 
 2
 Kunkel filed a complaint on February 15, 1989, alleging that he is the owner of U.S. Patent No. 3,653,113 ('113), and is also a shareholder of the Contour Co. The complaint further alleged that in mid-1984 Contour Co. filed for bankruptcy on the advice of attorneys Friedemann (a defendant) and Menke. Subsequently, defendants Friedemann, Lloyd D. Hartsell, and their corporations, Topmaster International, Topmaster Sales, and F.K.F. Corporation, entered into a number of transactions with Kunkel. The principal transaction was an agreement in which Topmaster International and Topmaster Sales acquired an exclusive license under the '113 patent. The complaint alleged that the license agreement had been breached by the defendants.
 
 
 3
 Several forms of relief were requested, including patent infringement damages, an injunction, breach of contract damages, unfair competition damages, damages for breach of fiduciary duty, and damages for breach of the covenant of good faith and fair dealing. The defendants moved to dismiss on the grounds that (1) the court lacked subject matter jurisdiction over the patent infringement claim, (2) the breach of contract claim failed to state a claim on which relief could be granted, and (3) the pendent state law claims should be dismissed for lack of a patent law basis for pendent jurisdiction, or on discretionary grounds. By order of April 20, 1989, the district court dismissed Kunkel's patent infringement claim without prejudice for lack of subject matter jurisdiction and the pendent claims without prejudice to their being brought in state court.
 
 
 4
 On April 20, 1989, Kunkel filed an amended complaint asserting claims for patent infringement and unfair competition. The relief sought included patent infringement damages, an injunction, unfair competition damages, and a declaration and decree that the license with defendants was rescinded. On May 18, 1989, Kunkel filed a complaint in the Superior Court of the State of California for the County of Orange seeking, inter alia, breach of contract damages based on the license agreement mentioned in the district court amended complaint.
 
 
 5
 The defendants moved to dismiss again, asserting lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The district court ordered the patent infringement claim of the amended complaint dismissed with prejudice for lack of subject matter jurisdiction and the unfair competition claim dismissed without prejudice to Kunkel's right to file that claim in state court.
 
 
 6
 Kunkel timely filed this appeal challenging the order; we have jurisdiction under 28 U.S.C. Sec. 1295(a)(1) (1988). We review questions about subject matter jurisdiction de novo.
 
 OPINION
 
 7
 The federal district courts have exclusive jurisdiction over actions "arising under" the patent laws of the United States. 28 U.S.C. Secs. 1331, 1338(a) & (b) (1988). A court reviewing the complaint must give special attention to the relief sought by the plaintiff in determining whether it contains a cause of action arising under the patent laws or only a cause of action based on a licensing agreement. Air Prods. & Chems., Inc. v. Reichhold Chems., Inc., 755 F.2d 1559, 1562, 225 USPQ 121, 123 (Fed.Cir.), cert. dismissed, 473 U.S. 929, 106 S.Ct. 22, 87 L.Ed.2d 700 (1985). A district court is not precluded, however, from resolving non-patent questions that arise in patent suits; merely because "a question of contract law must be decided prior to reaching the infringement question does not defeat federal subject matter jurisdiction." Id., 755 F.2d at 1563, 225 USPQ at 124.
 
 
 8
 Based on its review of Kunkel's amended complaint, the district court concluded "that [Kunkel had] brought this action against defendants seeking recovery for defendants' alleged failure to pay royalties under a license agreement," and thus decided Kunkel's claim did not arise under the patent laws. Kunkel, slip op. at 5. Yet, nowhere does Kunkel's amended complaint seek damages for breach of contract. We can only assume that the district court may have believed that because Kunkel had not established that the "Licensing Agreement" was terminated and because Kunkel was requesting a judicial declaration and decree that the agreement was rescinded, that the claim amounted to an action seeking recovery based on a contract, thus divesting the district court of subject matter jurisdiction it would otherwise have. We cannot agree with any such construction of this complaint.
 
 
 9
 Instead, the proper focus is on whether the plaintiff actually pleaded the elements required by the patent laws for a patent infringement claim. For reasons discussed below, we conclude that Kunkel did just that. In short, Kunkel pleaded ownership of a patent still in force, infringement by defendants, and requested as relief treble damages and an injunction, specifically citing the Patent Act, 35 U.S.C. Sec. 284 (1988). That is all Kunkel needed to do to invoke federal jurisdiction. See Air Products, 755 F.2d at 1564, 225 USPQ at 124 ("We hold, that where a non-frivolous complaint states a claim and seeks relief under the patent laws, exclusive jurisdiction in the federal courts is thereby established.").
 
 
 10
 That the amended complaint also seeks non-patent relief does not divest the district court of the jurisdiction it would otherwise have. Arguments made to us to the contrary, much like those adopted by the district court, are not supported by authority and can only be based on a misreading of old and now inapplicable Supreme Court precedent.
 
 
 11
 Historically, a cause of action seeking equitable relief in aid of a request for relief at law could not be sought in the same action. The two forms of relief had to be pursued separately, one in a court of equity and the other in a court of law. See, e.g., Cates v. Allen, 149 U.S. 451, 456-57, 13 S.Ct. 883, 884, 37 L.Ed. 804 (1893) ("[I]n creating and defining the judicial power of the general government ... [it was established] that equitable relief in aid of demands cognizable in the courts of the United States only on their law side could not be sought in the same action."); Scott v. Neely, 140 U.S. 106, 110-11, 11 S.Ct. 712, 714, 35 L.Ed. 358 (1891) ("Such blending of remedies is not permissible in the courts of the United States."); see also C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure Sec. 1581, at 518 (2d ed.1990) [hereinafter Wright & Miller ]. Today, however, as has been true since the institution of the Federal Rules of Civil Procedure in 1938, parties may join claims to relief, regardless of whether they are legal and equitable. Fed.R.Civ.P. 18(a); see Wright & Miller, supra Sec. 1582, at 521. Accordingly, to the extent that cases were based on the separation of law and equity, such decisions fail to provide guidance applicable to cases today. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 471, 82 S.Ct. 894, 896, 8 L.Ed.2d 44 (1962). This historical perspective is important to the instant case because a number of Supreme Court cases concerning federal patent jurisdiction brought by parties who had previously entered into licensing agreements were decided before the adoption of the Federal Rules of Civil Procedure. See, e.g., Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926); Wilson v. Sandford, 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850).
 
 
 12
 In particular, the facts of Wilson appear on all fours with the instant case. Wilson, a patentee, licensed his invention to the defendant and asserted in his complaint that the defendant had breached the terms of the license. Wilson had sought the trial court's declaration that the defendant had forfeited his rights under the contract and damages for infringement subsequent to the forfeiture. The Court concluded that it could not exercise its jurisdiction. See Wilson, 51 U.S. at 102. This decision, however, appears to have been based on the Supreme Court's precedent that federal courts would not exercise their jurisdiction over actions based on both law and equity. See Bennett v. Butterworth, 52 U.S. (11 How.) 669, 674-75, 13 L.Ed. 859 (1850); see also Neely, 140 U.S. at 110-17, 11 S.Ct. at 714-16. The Wilson Court simply concluded that the equitable relief must be sought separately in a court of chancery, and that the federal courts could not exercise their jurisdiction to consider an action seeking both equitable relief and relief at law. See Wilson, 51 U.S. at 102. Because Wilson was based on a prior distinction between law and equity now removed by the federal rules, it is not applicable to the instant case despite their factual similarity.
 
 
 13
 Kunkel's complaint adequately pleaded a claim for patent infringement. Kunkel has specifically alleged that the defendants have infringed Kunkel's patent by making, using, or selling Kunkel's claimed invention without Kunkel's authority. Moreover, Kunkel's complaint clearly states that damages and injunctive relief are sought under the Patent Act, 35 U.S.C. Sec. 284 (1988). That Kunkel's complaint also requests equitable relief in the form of a declaration and decree of rescission of contract cannot impair the federal district court's ability to exercise jurisdiction over the action. As this court noted in Air Products, "That resolution of a question of state law [holding a license valid] may render federal questions moot does not deprive a federal court of subject matter jurisdiction where the plaintiff bases his claim upon, and seeks remedies under, the patent laws, even where the complaint anticipates a defense of license." Air Prods. & Chems., Inc. v. Reichhold Chems., Inc., 755 F.2d 1559, 1563-64, 225 USPQ 121, 124 (Fed.Cir.), cert. dismissed, 473 U.S. 929, 106 S.Ct. 22, 87 L.Ed.2d 700 (1985). Accordingly, we reverse the district court's dismissal of all of Kunkel's claims and hold that the district court has jurisdiction over the patent infringement claim and must entertain it.
 
 
 14
 Having jurisdiction over the patent infringement claim, it is within the sound discretion of the district court to determine whether to assume its pendent jurisdiction over the related unfair competition claim.[1]
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Samuel Conti, Senior District Judge, United States District Court for the Northern District of California, sitting by designation
 
 
 [1]
 Equally within the sound discretion of the district court is whether to allow Kunkel to amend his complaint to add an alternative claim for breach of contract, over which the court could also exercise pendent jurisdiction, if it chose to do so. See Fed.R.Civ.P. 18(a)