May 5, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2364

CARL DIMANNO,

Plaintiff, Appellant,

v.

JAY SUCH and THROTONICS CORP.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. A. David Mazzone, U.S. District Judge]

Before

Torruella, Cyr and Stahl,
Circuit Judges.

Carl M. DiManno on brief pro se.

Per Curiam. Carl M. DiManno, pro se appellant,

appeals from the district court's dismissal of his complaint

pursuant to 28 U.S.C. 1915(d). The main issue is whether

this action arises under federal patent laws. We conclude

that further proceedings are required.

I

Appellant's complaint sought a declaratory judgment

with respect to two documents concerning U.S. patent #

4,339,138 ("the Patent"). The first document was an

Exclusive License Agreement (the "License") entered into

between appellant and appellee Throtonics Corporation

("Throtonics"). That agreement, dated June 1, 1988, and

signed by both parties, provided that appellant granted

Throtonics the right "to manufacture, have manufactured, use,

market, have marketed, sell and have sold devices based on or

relating to the Invention." Appellant's complaint sought a

declaration that the License was "legally insignificant on

the grounds that a patent assignment is superior in rights

and law to a patent license." Appellant asserted in his

complaint that appellees had claimed an assignment of the

same patent by appellant and could not claim both a license

and an assignment. Appellant also sought a declaration that

the License failed as an assignment.

The second document with respect to which appellant

sought a declaration was an Assignment of Proprietary Patent

-2-

Rights (the "Assignment"). The Assignment, dated June 1,

1988, and signed by appellant as the assignor, provided that

"[t]he Assignor hereby wholly and unconditionally transfers,

sells and assigns to [Throtonics] all rights of ownership of

the Assignor under the said U.S. Patent number 4,339,138 and

any and all other proprietary rights or any further rights."

The Assignment was not recorded with the Patent and Trademark

Office until November 24, 1989. Meanwhile, in a document

dated September 28, 1989, and signed by appellant, appellant

assigned "the entire right title and interest . . . in U.S.

Letters Patent No. 4,339,138" to Kozmos, Inc. ("Kozmos").

The assignment to Kozmos was recorded with the Patent and

Trademark Office on September 29, 1989, two months before

recordation of the Assignment to Throtonics.

Appellant's complaint sought a declaration that the

Assignment was "without legal standing as being abandoned, as

lacking the essential elements of a patent assignment, and as

being superseded by a prior assignment of the patent."

Appellant contended that, pursuant to 35 U.S.C. 261, the

assignment to Kozmos voided any claim Throtonics might have

had to a patent assignment.1 Appellant requested that the

1. 35 U.S.C. 261 provides, in relevant part, as follows:

261. Ownership; assignment

An assignment, grant or conveyance shall be void as
against any subsequent purchaser or mortgagee for a
valuable consideration, without notice, unless it

-3-

district court declare that neither the License nor the

Assignment could be the basis for a patent infringement suit

by appellees.

II

There is no diversity of citizenship between the

parties. The sole basis of federal jurisdiction claimed in

the complaint was 28 U.S.C. 1338(a), which gives federal

district courts jurisdiction over any civil action arising

under any Act of Congress relating to patents. The district

court determined that it lacked subject matter jurisdiction

over appellant's claims. In determining that appellant's

action was subject to dismissal under 28 U.S.C. 1915(d) as

based upon an indisputably meritless legal theory, the

district court reasoned as follows:

[t]his is precisely the same action
brought by plaintiff against Jay Such and
Throtonics in Civil Action No. 91-10099-
WD [sic]. That action was dismissed for
lack of subject matter jurisdiction. In
the instant complaint, plaintiff has not
alleged any new legal theories that would
provide this court with subject matter
jurisdiction.2

is recorded in the Patent and Trademark Office
within three months from its date or prior to the
date of such subsequent purchase or mortgage.

2. Although the district court concluded that this was
"precisely the same action" as an action previously dismissed
for lack of subject matter jurisdiction, the district court
did not expressly base its 1915(d) dismissal on res judicata
grounds. For that reason, we do not rule on the question of
whether a 1915(d) dismissal on res judicata grounds would
have been appropriate. In addition, we question whether the

-4-

The district court denied appellant's motion for

reconsideration.

III

The issue on appeal is whether the district court

abused its discretion in concluding that appellant's claim

that his action "arises under" the federal patent laws was

based on an indisputably meritless legal theory. The Supreme

Court has defined the requirements for "arising under" the

federal patent laws as follows:

[Section] 1338(a) jurisdiction . . .
extend[s] only to those cases in which a
well-pleaded complaint establishes either
that federal patent law creates the cause
of action or that the plaintiff's right
to relief necessarily depends on
resolution of a substantial question of
federal patent law, in that patent law is
a necessary element of one of the well-
pleaded claims.

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800,

808-809 (1988).

There is a plausible legal argument that patent law

is a "necessary element" of at least one of appellant's well-

pleaded claims. Therefore, we conclude that the district

first case was properly dismissed for lack of subject matter
jurisdiction. The complaint in that case claimed patent
infringement. In Kunkel v. Topmaster Int'l, Inc., 906 F.2d

693, 697 (Fed. Cir. 1990), the court held that all that a
plaintiff needs to do to invoke federal jurisdiction is plead
the elements required by the patent laws for a patent
infringement claim. That "'a question of contract law must
be decided prior to reaching the infringement question does
not defeat subject matter jurisdiction.'" Id. (citation

omitted).

-5-

court erred in dismissing this action under 1915(d).

Appellant claimed that the Assignment is void under 35 U.S.C.

261 because it was not recorded prior to appellant's

assignment of the patent to Kozmos. To determine the

validity of the Assignment, the district court would be

required to construe a federal patent statute, 35 U.S.C.

261. The Supreme Court has held that where the validity of

an assignment depends upon construction of the patent laws,

it is a question arising under the patent laws. Crown Dye

and Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 33

(1923).

Unlike, for example, the complaint in Combs v.

Plough, Inc., 681 F.2d 469 (6th Cir. 1982), appellant's

complaint does not allege that the Assignment is void

exclusively for the reason that it was fraudulently obtained.

Such a fraud claim would clearly arise only under state law.

In this case, however, appellant's complaint alleges, among

other claims, that the assignment is void under 35 U.S.C.

261. Construction of 261 is a question of federal patent

law. See FilmTec Corp. v. Allied-Signal, Inc., 939 F.2d 1568

(Fed. Cir. 1991) (remanding case to district court and

clarifying the requirements for creation of an enforceable

assignment under 261). Therefore, it is arguable that

patent law is a necessary element of one of appellant's well-

-6-

pleaded claims and that the district court had subject matter

jurisdiction under 1338(a).

Nor is jurisdiction clearly lacking for the reason

that "but for the availability of the declaratory judgment

procedure, the Federal claim would arise only as a defense to

a state created action." 10A C. Wright, A. Miller & M. Kane,

Federal Practice and Procedure 2767, at 744-45 (2d ed.

1983); see American Policyholders Ins. Co. v. Nyacol

Products, Inc., No. 92-1949, slip. op. at 13 (1st Cir., Feb.

24, 1993). The claim that the Assignment is void would arise

as a defense to a patent infringement action by appellees. A

patent infringement action is clearly a federal action. And,

according to the complaint, appellees had threatened to bring

such an action.

We do not decide whether appellant has succeeded in

establishing subject matter jurisdiction. Nor do we decide

whether res judicata or any other defenses are available to

appellees. We decide only that appellant's legal theory

under which subject matter jurisdiction could be established

is not "indisputably meritless" and that, therefore, the

district court erred in dismissing the complaint under 28

U.S.C. 1915(d) on this basis. Accordingly, we remand this

case to the district court for continuation of the

proceedings.

-7-

The district court's 1915(d) dismissal is

reversed.

-8-