**James A. MIELING, Plaintiff,**

v.

**NORKAR TECHNOLOGIES, INC., an Illinois corporation, Charles Bokar, and John Norman, Defendants.**

**No. 01 C 3618.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 15, 2001.

Charles James Corrigan, Thomas G. Oddo, William H. Wentz, The Collins Law Firm, Naperville, IL, for Plaintiff.

John Sheridan Burke, Clancy, Higgins & Clancy, St. Charles, IL, Kenneth L. Mitchell, Charles R. Rust, Woodling, Krost & Rust, Kirtland, OH, for Defendants.

### MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Plaintiff James A. Mieling filed a complaint against Defendants Norkar Technologies, Inc. ("Norkar"), Charles Bokar and John Norman, alleging patent infringement under the Patent Act, 35 U.S.C. § 1 *et seq.*, and seeking declaratory, injunctive and monetary relief. Currently before the Court is Defendant Charles Bokar's motion for partial dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated herein, Bokar's motion for partial dismissal is granted.

### RELEVANT FACTS [1]

During the late 1980s and 1990s, the U.S. Patent and Trademark Office ("PTO") issued four wheel alignment patents (collectively "Patents") to James A. Mieling. In January 1994, Mieling entered into a License Agreement with Norkar, by its officer Charles Bokar, to manufacture, use and sell the wheel aligning method and apparatus described in the Patents ("Licensed Product"). In return, Mieling was to receive a percentage of the gross sales price of the Licensed Product. Mieling asserts that Bokar has failed to pay fees under the License Agreement since at least January 1, 2000 and, accordingly, Mieling terminated the License Agreement on August 25, 2000. Bokar denies breaching the License Agreement and argues that Norkar's license is still in force. Furthermore, Mieling alleges that Bokar filed a provisional U.S. patent application on or about February 23, 2001 and a regular U.S. patent application on April 5, 2001, falsely claiming that he was the inventor of the claims therein.[2] Mieling claims that he is the true inventor of the claims in the April 5, 2001 patent application.

In addition to injunctive relief against the alleged infringement and damages, Mieling seeks declaratory relief. Specifically relevant to this motion, Mieling seeks a declaration that he is the inventor of the claims made by Defendants in their patent applications, including the April 5, 2001 patent application, and that, therefore, Defendants should be ordered to abandon their patent applications. In its motion for partial dismissal, Bokar argues that this Court lacks subject matter jurisdiction to determine the inventor of the claims in the April 5, 2001 patent application and argues that the jurisdiction to determine priority is vested with the PTO.

### ANALYSIS

#### I. Legal Standards

■ Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss a claim for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). In reviewing a 12(b)(1) motion, the court must view the facts alleged in the complaint and any

---

1. We include only those facts relevant to Defendant Bokar and the instant motion.

2. Both applications were entitled "Accessible Wheel Alignment System Using A Computer." (R. 1, Complaint ¶ 7.)

inferences therefrom in the light most favorable to the plaintiff. *See Cedars–Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1583 (Fed.Cir.1993).

## II. Subject Matter Jurisdiction

Bokar asserts that this Court lacks jurisdiction to determine the inventor of the claims in Bokar's April 5, 2001 patent application and that jurisdiction to determine priority resides with the PTO's Board of Appeals and Interferences ("Board"). Bokar argues that the Board should determine inventorship in an interference proceeding under 35 U.S.C. § 135.

■ In response to Bokar's motion, Mieling alleges that this Court has jurisdiction over all of his claims against Bokar because Mieling has alleged an infringement of "Plaintiff's Patents." (R. 20, Pl.'s Resp. to Mot. for Partial Dismissal at 3.) Mieling, citing *Kunkel v. Topmaster Int'l, Inc.,* 906 F.2d 693, 695 (Fed.Cir.1990), argues that a district court is not precluded from resolving non-patent questions in patent suits arising under 28 U.S.C. § 1338(a). We agree with that proposition and will retain jurisdiction over all claims in the suit unrelated to determining priority of the claims in the April 5, 2000 U.S. patent application.[3]

■ In relation to Mieling's claim for declaratory relief related to the April 5, 2001 patent application, several courts have found that they have jurisdiction to issue a declaratory judgment as to the inventorship of claims in a patent application under 35 U.S.C. § 116.[4] *See Photogen, Inc., v. Wolf,* No. 00 C 5841, 2001 WL 477226, at *2 (N.D.Ill. May 7, 2001) (although plaintiff lacked standing to bring claim, district court has jurisdiction to determine inventorship of claim in pending patent application); *Display Research Labs., Inc., v. Telegen Corp.,* 133 F.Supp.2d 1170, 1175 (N.D.Cal.2001) (district court found that it had jurisdiction to determine inventorship of claims in patent application, but declined to exercise jurisdiction); *Heineken Technical Servs. v. Darby,* 103 F.Supp.2d 476, 477–79 (D.Mass.2000) (district court exercised jurisdiction to determine inventorship of claim in patent application). Although we agree that we could assume jurisdiction over Mieling's claim for declaratory relief and settle the inventorship of the claims in the April 5, 2001 patent application, we exercise our discretion to decline jurisdiction over this claim. *See Int'l Harvester Co. v. Deere & Co.,* 623 F.2d 1207, 1217 (7th Cir.1980) (declaratory judgment jurisdiction is discretionary). The established

---

**3.** Mieling properly pleaded patent infringement and obtained jurisdiction under 28 U.S.C. § 1338(a). *See Kunkel v. Topmaster Int'l, Inc.,* 906 F.2d 693, 695 (Fed.Cir.1990) (in determining whether jurisdiction attaches under 28 U.S.C. § 1338(a), the court must focus on "whether the plaintiff actually pleaded the elements required by the patent laws for a patent infringement claim"). The fact that Mieling also seeks declaratory relief—such as confirmation of his ownership of the Patents and the international patent applications, breach of the License Agreement and lawful termination of the License Agreement—does not defeat subject matter jurisdiction under § 1338(a). *See Air Prods. and Chems., Inc., v. Reichhold Chems., Inc.,* 755

F.2d 1559, 1563–64 (Fed.Cir.1985) (federal district court had 28 U.S.C. § 1338(a) jurisdiction over patent infringement case even though court had to initially decide dispute over licensing agreement); *A.H.J. Vink v. Hendrikus Johannes Schijf,* 839 F.2d 676 (Fed. Cir.1988) ("[t]hat a non-federal issue (ownership of the patent) must be resolved before the federal issue (infringement) is immaterial in determining whether there is federal jurisdiction").

**4.** Section 116 allows the Director of the PTO to amend a patent application to name the correct inventor of the claims in a patent application. 35 U.S.C. § 116.

procedures of the PTO are a more apt vehicle for determining the inventorship of the claims in the April 5, 2001 patent application. *See Display Research Labs.*, 133 F.Supp.2d at 1175–1176; *Photogen,* 2001 WL 477226, at *3 n. 1. The PTO has expertise in resolving inventorship disputes over claims in patent applications. *See Display Research Labs.*, 133 F.Supp.2d at 1175–76. We undoubtedly have jurisdiction over the claims involving the Patents, but we find that the PTO is a better forum to determine inventorship of the claims in the April 5, 2001 patent application. Therefore, we decline to exercise jurisdiction over Mieling's claim for declaratory relief related to the April 5, 2001 patent application.

## CONCLUSION

For the foregoing reasons, this Court grants Bokar's motion for partial dismissal, (R. 13–1), and declines to exercise jurisdiction over Mieling's claim for declaratory relief to determine inventorship of the subject of Bokar's April 5, 2001 patent application.