**AIR PRODUCTS AND CHEMICALS, INC., Appellant,**

v.

**REICHHOLD CHEMICALS, INC., Appellee.**

**Appeal No. 84–1530.**

United States Court of Appeals, Federal Circuit.

Feb. 28, 1985.

Harry J. Roper, Neuman, Williams, Anderson & Olson, Chicago, Ill., for appellant. With him on brief were Sidney Neuman, George S. Bosy, Nicholas A. Poulos and William P. Oberhardt, Chicago, Ill., of counsel.

E. Eugene Innis, Allentown, Pa., of counsel.

Daniel H. Williams, III, Paul, Hastings, Janofsky & Walker, Stamford, Conn., for appellee. With him on brief were Ronald P. Mysliwiec, Edward B. Fitzpatrick, III, and Elliot K. Gordon, Stamford, Conn., of counsel.

Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and KASHIWA, Circuit Judge.

KASHIWA, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of South Carolina granting Reichhold Chemical, Inc.'s ("Reichhold") Fed.R.Civ.P. 12(b)(1) motion to dismiss for lack of federal subject matter jurisdiction. We reverse and remand.

## Background

Air Products and Chemicals, Inc., ("Air Products") is the owner of United States Patent No. 3,708,388 (" '388 patent") for "A Process of Laminating Using Vinyl Acetate-Ethylene Copolymer Adhesive Composition." By virtue of an agreement bearing an effective date of 2 January 1973 Air Products granted a nonexclusive license ("1973 license") to E.I. duPont de Nemours and Company ("DuPont") to make, use, and sell emulsions covered by the '388 patent. In mid 1983 Reichhold succeeded to the emulsions business of DuPont, and DuPont assigned its rights under the Air Products-DuPont 1973 license to Reichhold in accordance with the provisions thereof.

Reichhold subsequently entered into a cross licensing agreement with National Starch and Chemical Corporation ("National Starch") which granted National Starch a nonexclusive license to make, use, and sell products covered by the '388 patent. Contending that this cross licensing agreement with National Starch was inconsistent with the provisions of the 1973 license, Air Products terminated the 1973 license with Reichhold, allegedly in conformance with the termination provisions thereof.[1]

Alleging that subsequent to the lawful termination of the 1973 license Reichhold had been, and was continuing to infringe the '388 patent by making, using, and selling the products covered thereby, and that Reichhold had been, and was continuing to induce others to infringe the '388 patent, Air Products instituted suit against Reichhold in the United States District Court for the District of South Carolina. Jurisdiction was predicated upon 28 U.S.C. § 1338(a). In the complaint, Air Products alleged the factual circumstances as set forth in the preceding paragraphs, and prayed, *inter alia:*

(a) That this Court declare plaintiff, AIR PRODUCTS AND CHEMICALS, INC., the owner of United States Letters Patent No. 3,708,388 and of all rights of recovery as to it;

(b) That this Court declare that United States Letters Patent No. 3,708,388 is valid in law;

(c) That this Court declare that defendant has been and still is infringing United States Letters Patent No. 3,708,388;

(d) That this Court declare that defendant has been and still is inducing others to infringe United States Letters Patent No. 3,708,388;

(e) That this Court order a preliminary and final injunction enjoining defendant and those in privity therewith from infringing and inducing infringement of United States Letters Patent No. 3,708,-388;

1. Since this case is before this court only with respect to the question of federal subject matter jurisdiction, we need not, and do not, address any of the parties' contentions regarding the 1973 license.

(f) That this Court order an accounting be made for plaintiff's damages arising out of defendant's infringement and defendant's acts inducing others to infringe, and that the damages so ascertained be trebled and awarded to plaintiff together with interest.

### District Court Proceedings

Finding that the primary issue for resolution was a matter of contract interpretation, i.e., construction of the 1973 license, not a matter of patent infringement, the district court granted Reichhold's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of federal subject matter jurisdiction.

The court noted that, to constitute an action arising under the patent laws, Air Products must establish a right, title, or interest under the patent laws, or an appearance that some right or privilege will be defeated by one construction, or sustained by the opposite construction, of the patent laws.

■ Where the determination of whether there has been an infringement of a patent depends upon the construction of the provisions of a contract, and not upon the construction of an act of Congress relating to patents, the controversy is not one arising under the patent laws. The court found, in the instant case, that Air Products' infringement claim was conditional upon, and must be preceded by, the resolution of the license dispute.

■ The fact that a cause of action has been couched in terms of patent infringement is not dispositive as to whether the case arises under the patent laws. Rather, in determining subject matter jurisdiction, the court must consider as a whole the

substance of the claim in addition to the language of the complaint, and may also consider jurisdictional facts outside the pleadings. The court determined that Air Products' case primarily involved the resolution of a contractual dispute, and that the federal patent law claim was secondary in nature.

The district court expressed an awareness of case law[2] which provided that a claim of patent infringement was not defeated by the inclusion in the complaint of a response to an anticipated contract defense. The court distinguished this case law, however, by noting that in these cases the contractual issues were collateral to the main issue of patent infringement, i.e., the claim of patent infringement was not dependent solely upon the resolution of the contractual dispute.

Finally, the court noted that a party to a patent license may not unilaterally terminate the license, bring a lawsuit alleging patent infringement by the other party's continued exercise of the license, and assert that the breach of the license is an uncontroverted matter. Air Products cannot conclusively void the license agreement without permitting Reichhold to litigate the issue of termination, and therefore, since Air Products' claim for patent infringement rested solely upon the propriety of the sublicense between Reichhold and National Starch and the validity of the 1973 license termination, the primary issue for resolution was a matter of contract interpretation.

### OPINION

The Supreme Court, in *Luckett v. Delpark, Inc.*, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926), extensively analyzed and harmonized the case law[3] which had dealt

---

**2.** The district court cited to *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056 (1915), and *The Fair v. Kohler Die and Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913).

**3.** The seminal case cited by the Court holding that the case did not arise under the patent laws was *Wilson v. Sandford*, 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850). Subsequent cases cited by the Court, where the cause of action was found

not to arise under the patent laws, included: *Briggs v. United Shoe Mach. Co.*, 239 U.S. 48, 36 S.Ct. 6, 60 L.Ed. 138 (1915); *Marsh v. Nichols, Shepard & Co.*, 140 U.S. 344, 11 S.Ct. 798, 35 L.Ed. 413 (1891); *Dale Tile Mfg. Co. v. Hyatt*, 125 U.S. 46, 8 S.Ct. 756, 31 L.Ed. 683 (1888); *Albright v. Teas*, 106 U.S. 613, 1 S.Ct. 550, 27 L.Ed. 295 (1882); *Hartell v. Tilghman*, 99 U.S. 547, 25 L.Ed. 357 (1879); and *Brown v. Shannon*, 61 U.S. (20 How.) 55, 15 L.Ed. 826 (1857).

with the question as to whether a case arises under the patent laws, thus conferring federal subject matter jurisdiction, or whether the case is a matter of contract or license construction or interpretation, thus conferring state subject matter jurisdiction. The Court found that the result of these cases was that a federal district court has jurisdiction of a suit by a patentee for an injunction against infringement and for profits and damages, even though, in anticipation of a defense of license or authority to use the patent, the complainant includes in his bill averments intended to defeat such a defense. *Id.* at 510, 46 S.Ct. at 401.

But, the Court further found that the principle laid down in *Wilson v. Sandford*, 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850), that where a patentee in his complaint seeks recovery of royalties under a contract of license or assignment, or for damages for a breach of a license's covenants, or asks the court to declare a forfeiture of the license or in restoring an unclouded title to the patent, was still a valid precept of law and does not give a federal district court jurisdiction over the cause as one arising under the patent laws. *Id.* Nor, the Court stated, is federal subject matter jurisdiction conferred in such a case by the complainant adding to his bill an averment that after a forfeiture of the license shall be declared, or title to the patent restored, that the defendant will infringe the patent in question and requesting an injunction to prevent future infringement. When a patentee exercises his choice and bases his action on the license, seeking remedies thereunder, the patentee may not give the case a double aspect by making it a patent case conditioned upon securing relief as to the license. *Id.*, 270 U.S. at 510–11, 46 S.Ct. at 401–02.

Cases cited by the Court which held that a cause of action does arise under the patent laws included: *Geneva Furniture Mfg. Co. v. S. Karpen & Bros.*, 238 U.S. 254, 35 S.Ct. 788, 59 L.Ed. 1295 (1915); *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056 (1915); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913); *Henry v. A.B. Dick Co.*, 224 U.S. 1, 32 S.Ct. 364, 56 L.Ed. 645 (1912); *Excelsior Wooden Pipe Co. v. Pacific*

The Court, in its analysis, expressly qualified *Hartell v. Tilghman*, 99 U.S. (9 Otto) 547, 25 L.Ed. 357 (1878), a case cited by the district court in the present action, stating that it was error to deny federal subject matter jurisdiction under the patent laws when the patentee had based his action broadly on his patent and an averment of infringement, seeking an injunction and damages. *Id.*, 270 U.S. at 510, 46 S.Ct. at 401.

■ The *ratio decidendi* by which the Court in *Luckett* harmonized the diverse prior case law, *see supra* note 3, was, as best stated in the Court's own words, that "the party who brings suit is master to decide what law he will rely upon," *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1912), that "[j]urisdiction generally depends upon the case made and the relief demanded by the plaintiff." *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 59 L.Ed. 1056 (1915). A court must review and analyze the plaintiff's pleadings, with special attention directed to the relief requested by the plaintiff, in making the determination as to whether a cause of action arises under the patent laws, or is a cause of action based upon a licensing agreement.

■ After reviewing the pleadings of Air Products,[4] in particular the relief requested by Air Products, we conclude that the district court erred as a matter of law in holding that Air Products' cause of action was not one which arose under the patent laws. Air Products has averred that Reichhold has infringed, and continues to infringe, the '388 patent owned by Air Products by making, using, and selling products covered thereunder, 35 U.S.C. § 271(a), and that Reichhold has induced,

*Bridge Co.*, 185 U.S. 282, 22 S.Ct. 681, 46 L.Ed. 910 (1902); and *White v. Rankin*, 144 U.S. 628, 12 S.Ct. 768, 36 L.Ed. 569 (1892).

4. On reviewing a Fed.R.Civ.P. 12(b)(1) motion to dismiss, we must take as true the factual allegations set forth by Air Products. *Guessefeldt v. McGrath*, 342 U.S. 308, 310, 72 S.Ct. 338, 340, 96 L.Ed. 342 (1952).

and continues to induce, the infringement of the '388 patent by others. 35 U.S.C. § 271(b). Air Products has prayed that the district court grant preliminary and final injunctive relief against Reichhold, and those in privity therewith, to prevent future violations of the rights secured to Air Products by the '388 patent. 35 U.S.C. § 283. Air Products seeks reasonable damages [5] adequate to compensate for the infringing actions of Reichhold, and further that these damages be trebled. 35 U.S.C. § 284. We believe it is evident, based upon our review of the relief requested by Air Products, and the factual allegations set forth in the complaint, in light of the guidance set forth by the Supreme Court in *Luckett v. Delpark, Inc.*, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926), that this is a case arising under the patent laws.[6]

Moreover, the present case appears to us to be on all fours with the case before the Supreme Court in *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056 (1915). In *Healy*, the Court held that the plaintiff's case arose under the patent laws where the "essential features [of the bill] were the allegation of an infringement and prayers for an injunction, an account of profits and triple damages—the characteristic forms of relief granted by the patent law." *Id.* at 481, 35 S.Ct. at 659. The plaintiff's bill alleged that the defendant was infringing a patent owned by Healy, and would continue to do so unless restrained. *Id.* at 479, 35 S.Ct. at 658. The bill further alleged, anticipating a defense, that the defendant had been licensed under the patent, that a breach of

the conditions of the license had occurred, and that the license was terminated. *Id.* These factual circumstances are strikingly similar to those set forth by Air Products' complaint, as is the relief requested by Air Products which is characteristic of the forms of relief granted by the patent laws.

We believe the district court mischaracterized the nature of this case by focusing upon the fact that the determination of the patent infringement claim is conditional upon and must be preceded by resolution of the license dispute, which led the court to characterize the contract issue as the "primary" or "dominant" issue. Rather the court must focus on the facts plead, and the relief requested, by the plaintiff in the complaint. We do not believe that characterizing issues as primary or secondary aids the court in the determination of jurisdiction. We recognize that in cases where a license is plead as a defense, or where the license defense is anticipated in the complaint, that the most expeditious conduct of the trial would necessitate that the license issue be resolved first, for if the license issue is resolved in the defendant's favor the infringement issue is mooted. In this sense, infringement is conditional upon a license defense when raised. A district court, however, is not precluded in patent suits from resolving non-patent questions, and the fact that a question of contract law must be decided prior to reaching the infringement question does not defeat federal subject matter jurisdiction. That resolution of a question of state law may render federal questions moot does not deprive a

---

5. On remand, should the district court at the conclusion of a trial on the merits render a judgment that Reichhold has infringed the '388 patent, damages may be assessed against Reichhold on the basis of the royalties set forth in the 1973 license and/or the cross licensing agreement between Reichhold and National Starch. Reference to a license as a means of assessing reasonable damages does not make this an action arising under the license. *See Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 35 S.Ct. 658, 59 L.Ed. 1056 (1915).

6. Arguably Air Products' request that the district court declare that Air Products is the owner of the '388 patent is a claim which would fall

within the purview of *Wilson v. Sandford*, 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850), in that Air Products appears to be asking the court to restore an unclouded title to the '388 patent. It does not appear to us that the ownership or title of the '388 patent is at issue as it was in *Luckett*, 270 U.S. at 502, 46 S.Ct. at 399, where the plaintiff had assigned a patent to the defendant and sought judicial assistance in reconveying title. Air Products, in the 1973 license, granted a nonexclusive license, not an assignment, of the '388 patent. While Air Products may have relinquished some rights to the '388 patent under this license, Air Products did not assign ownership or title thereto.

federal court of subject matter jurisdiction where the plaintiff bases his claim upon, and seeks remedies under, the patent laws, even where the complaint anticipates a defense of license. *Luckett,* 270 U.S. at 510, 46 S.Ct. at 399.

Air Products, believing that Reichhold had violated the 1973 license by its cross licensing agreement with National Starch, unilaterally terminated the 1973 license. This action was properly within the province of Air Products in that the 1973 license expressly included provisions for termination. Thus, Air Products was not required to, and did not, seek a forfeiture of the license by the court as the plaintiff did in *Wilson v. Sandford,* 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850), although the court will have to determine if the termination was valid. We find nothing in the pleadings of Air Product, and rightly so, that would indicate that Air Products considers this action uncontroverted. Likewise, we perceive nothing in the complaint that would preclude Reichhold from litigating the termination issue. But, as previously noted, the validity of the 1973 license termination and the propriety of the Reichhold-National Starch sublicense, are but two of the issues which the district court may be called upon to decide.

We find therefore that the district court erred as a matter of law in holding that Air Products' complaint, which stated a claim and sought relief based upon the patent laws, was not such an action as to confer federal subject matter jurisdiction under 28 U.S.C. § 1338(a). We hold, that where a non-frivolous complaint states a claim and seeks relief under the patent laws, exclusive jurisdiction in the federal courts is thereby established.

REVERSED AND REMANDED.