**A.H.J. VINK, Plaintiff–Appellant,**

v.

**HENDRIKUS JOHANNES SCHIJF, ROLKAN N.V. and Contractual Services, Defendants–Appellees.**

**No. 87–1350.**

United States Court of Appeals, Federal Circuit.

Feb. 10, 1988.

Wilma Triebwasser of Fleit, Jacobson, Cohn & Price, Washington, D.C., argued for plaintiff-appellant; with her on the brief were Martin Fleit of Fleit, Jacobson, Cohn & Price and J. Michael Debbeler of Lerner, Sampson & Rothfuss, Cincinnati, Ohio.

Alan H. Levine of Fiddler & Levine, New York City, argued for defendants-appellees.

Before ARCHER, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.

ARCHER, Circuit Judge.

A.H.J. Vink (Vink) appeals from the order and judgment of the United States District Court for the Southern District of Ohio in favor of Hendrikus Johannes Schijf et al. (Schijf) dismissing the case for lack of subject matter jurisdiction. We reverse and remand the case to the district court.

*Background*

U.S. Patent No. 4,315,345 ('345) originally issued to and was owned by appellee Hendrikus J. Schijf. After Schijf went bankrupt Vink acquired the patent by assignment from an assignee claiming title to the patent through the trustee in bankruptcy. The appellee, Contractual Services, claims title to the patent by assignment from Schijf, his assignee. As far as the ownership issue is concerned, the question

is whether the patent became an asset of the bankrupt estate or whether Schijf retained the asset and could convey good title to his assignee.

Vink filed a complaint requesting a declaratory judgment of ownership, an injunction against infringement, and the imposition of a constructive trust. Vink relied on 28 U.S.C. §§ 1332(a)(2), 1338, 2201, 2202 and Fed.R.Civ.P. 57 to establish jurisdiction. Prior to filing an answer to the complaint, Schijf filed a motion to dismiss the action under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, attaching the affidavit of Mr. Schijf. Vink thereupon filed an amended complaint for patent infringement along with a memorandum in opposition to the motion to dismiss. Schijf filed a reply memorandum attaching a further affidavit of Mr. Schijf.

The district court converted the motion to dismiss into a motion for summary judgment and, following the further submission of memoranda, affidavits, and exhibits by the parties, the district court granted the motion for summary judgment in favor of Schijf. The court reasoned that because the real issue in the case was ownership of the patent there was no federal jurisdiction.

## OPINION

### I.

At the outset we note that the district court stated that it had converted the motion to dismiss under Rule 12(b)(1) into a motion for summary judgment. It has been held that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may not be used as a basis for awarding summary judgment.[*] The latter is a decision on the merits with res judicata effect. A dismissal for lack of subject matter jurisdiction, on the other hand, is not a disposition on the merits and thus permits a litigant to refile in an appropriate forum. *Prakash v. American Univ.*, 727 F.2d 1174, 1181–82 (D.C.Cir.1984). *See*

also *Rogers v. Girard Trust Co.*, 159 F.2d 239, 242 (6th Cir.1947). Here, the district court dismissed the case without prejudice, which is not consistent with its stated action of converting the motion to one for summary judgment. We thus treat the court's action as the granting of the motion to dismiss. *See Jewelers Vigilance Comm. v. Ullenberg Corp.*, 823 F.2d 490, 492, 2 USPQ2d 2021, 2023 (Fed.Cir.1987). The additional memoranda, exhibits and affidavits considered by the district court prior to issuing its order of dismissal could appropriately be considered in a Rule 12(b)(1) proceeding. *Land v. Dollar*, 330 U.S. 731, 735, 67 S.Ct. 1009, 1010, 91 L.Ed. 1209 (1946). Therefore no prejudice to the parties occurred as a result of the court's stated conversion of the motion to one for summary judgment.

### II.

This court has exclusive jurisdiction over any appeal from a final decision of a district court "if the jurisdiction of that court was based, in whole or in part, on Section 1338 of this title [Title 28], except in a case involving a claim arising under any Act of Congress relating to copyrights or trademarks." 28 U.S.C. § 1295(a)(1) (1982). Under section 1338, the district courts "have original jurisdiction of any civil action arising under any Act of Congress relating to patents...." For this court to have jurisdiction, the "controlling fact" is that the district court's jurisdiction of the case must have been based "in whole or in part" on section 1338. *Ballard Medical Products v. Wright*, 823 F.2d 527, 530, 3 USPQ2d 1337, 1339 (Fed.Cir.1987); *Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 1429, 223 USPQ 1074, 1079 (Fed.Cir.1984) (*in banc*).

Whether the district court's jurisdiction is based in whole or in part on § 1338 is determined by looking to the well pleaded complaint. *Ballard Medical Products v. Wright*, 823 F.2d at 531, 3 USPQ2d at 1339. The well pleaded complaint rule contemplates that the answer to whether an action

---

[*] *Cf.* Rule 12(b)(6), Fed.R.Civ.P., which expressly provides that a motion to dismiss for failure to state a claim upon which relief can be granted may be converted into a motion for summary judgment.

arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914)); *see also Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936).

### III.

Vink's amended complaint, which appellees concede is controlling for the purpose of determining jurisdiction under the facts of this case, *see Gronholz v. Sears Roebuck and Co.*, 836 F.2d 515 (Fed.Cir.1987), and *Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874, 876 n. 3, 229 USPQ 668, 670 n. 3 (Fed.Cir.1986), alleges that Schijf has infringed and is infringing the '345 patent or has and is contributorily infringing the same. Vink requests a preliminary and permanent injunction against this alleged infringement as well as an accounting for past infringement. The amended complaint alleges that Vink owns the patent which is allegedly infringed. The relief requested and the factual allegations in the complaint indicate that this is a case arising under the patent laws. Thus, on its face the amended complaint sets forth a patent law question sufficient to confer federal jurisdiction.

Schijf argues that the only real issue here is ownership of the patent and that therefore *Luckett v. Delpark, Inc.*, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926), should control. In the affidavits filed by Schijf it is alleged that Vink does not own the patent. Presumably ownership of the patent will be raised as a defense in an answer to the amended complaint. In *Luckett* the Supreme Court held that where a suit is filed seeking a declaration of ownership of a patent it does not fall within the patent laws. Further, federal subject matter jurisdiction is not conferred by the complainant requesting an injunction against future infringement after ownership is determined. However, *Luckett*, in interpreting *Wilson v. Sanford*, 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850), explained that if

the patentee complainant had based his action on his patent right and had sued for infringement, and by anticipation of a defense of the assignment had alleged a forfeiture by his own declaration without seeking aid of the court, jurisdiction under the patent laws would have attached.... But when the patentee exercises his choice and bases his action on the contract and seeks remedies thereunder, he may not give the case a double aspect, so to speak, and make it a patent case conditioned on his securing equitable relief as to the contract.

270 U.S. at 511, 46 S.Ct. at 402.

In its decision, the district court cited and relied on the following language from *Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559, 1561, 225 USPQ 121, 122 (Fed.Cir.1985):

[T]he fact that a cause of action has been couched in terms of patent infringement is not dispositive as to whether the case arises under the patent laws. Rather, in determining subject matter jurisdiction, the court must consider as a whole the substance of the claim in addition to the language of the complaint, and may also consider jurisdictional facts outside the pleadings.

This court has adhered to the well pleaded complaint rule and *Air Products* is not inconsistent. On factual allegations and requests for relief essentially comparable to those in the complaint in this case, the *Air Products* court held that federal patent jurisdiction existed. *Id.* at 1562, 225 USPQ at 123–24.

Schijf urged, and the district court in essence determined, that the real issue in this case was ownership of a patent and not patent infringement. Schijf's affidavits alleged that Vink does not own the patent, contrary to Vink's complaint and affidavits and allegations of infringement.

The ownership issue raised by Schijf must, in the procedural posture of this case, be considered merely as a defense not affecting the district court's jurisdiction, and the district court erred in resolving against Vink the question of whether patent infringement was the basis of the complaint.

The district court also focused on the fact that the ownership of the patent had to be considered first, and only then did questions of patent infringement have to be addressed. That a non-federal issue (ownership of the patent) must be resolved before the federal issue (infringement) is immaterial in determining whether there is federal jurisdiction. *Air Products*, 755 F.2d at 1563, 225 USPQ at 124.

The order and judgment of the district court are reversed and the case is remanded for further proceedings on the merits.

REVERSED AND REMANDED.