PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

GIBRALTAR, P.R., INCORPORATED,
Petitioner-Appellant,

v.                                                     No. 95-2877

OTOKI GROUP, INCORPORATED,
Respondent-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-95-606-L)

Argued: December 4, 1996

Decided: January 13, 1997

Before WILKINSON, Chief Judge, and NIEMEYER and
WILLIAMS, Circuit Judges.

_____

Affirmed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Niemeyer and Judge Williams joined.

_____

COUNSEL

ARGUED: Cynthia Louise Leppert, NEUBERGER, QUINN,
GIELEN, RUBIN & GIBBER, P.A., Baltimore, Maryland, for Appel-
lant. Larry Lee Shatzer, II, ADDUCI, MASTRIANI & SCHAUM-
BERG, L.L.P., Washington, D.C., for Appellee. ON BRIEF: Hugh
M. Bernstein, NEUBERGER, QUINN, GIELEN, RUBIN & GIB-
BER, P.A., Baltimore, Maryland, for Appellant. Louis S. Mastriani,

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P., Washington, D.C., for Appellee.

_____

**OPINION**

WILKINSON, Chief Judge:

Gibraltar P.R. and Otoki Group, two clothing companies based in Puerto Rico, dispute the ownership of certain trademarks under a joint agreement between the two companies. Gibraltar filed suit in United States District Court, asking the court to compel Otoki to take the dispute to arbitration. The court found it lacked subject matter jurisdiction, and dismissed the case. Gibraltar, P.R. v. Otoki Group, 914 F.Supp. 1203 (D.Md. 1995). Because the plaintiff fails to allege any violation of federal law and resolution of this dispute depends simply on the interpretation of a contract, we affirm the judgment of the district court.

I.

Gibraltar and Otoki formed a joint venture named Acorn Partners on January 20, 1994. Two sections of the Joint Venture Agreement ("the Agreement") are important to this case. First is a clause requiring all disputes arising out of the Agreement to be arbitrated rather than litigated. Second is a provision assigning Acorn the right to use all of Otoki's trademarks, which was amended ten months later to assign Acorn all of Otoki's "right, title and interest in and to all trademarks and trade names that it currently utilizes or possesses." Otoki insists that the amendment and assignment were invalid, while Gibraltar argues that they were properly approved.

The relationship between Gibraltar and Otoki soured soon after the dispute over the amendment arose. Otoki threatened litigation if Acorn or Gibraltar attempted to transfer the trademarks to themselves. Gibraltar demanded arbitration. When Otoki refused, Gibraltar filed a petition, in district court in Maryland, to compel arbitration. The

2

district court dismissed the petition for lack of subject matter jurisdiction. Gibraltar appeals.**1**

II.

The district court found, and neither party disputes, that this case falls under section 4 of the Federal Arbitration Act. That provision states:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for any such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. This statute "does not create any independent federal-question jurisdiction." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). In order to establish federal jurisdiction, therefore, Gibraltar must demonstrate that if there were no agreement to arbitrate, a federal court would have jurisdiction "of the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C. § 4; accord Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991). Because both parties are Puerto Rican companies, diversity of citizenship is not present, so subject matter jurisdiction must rest upon a federal question.

Gibraltar argues that subject matter jurisdiction in this case lies in the Lanham Act, 15 U.S.C. §§ 1051-1127, the statute governing actions for trademark infringement. Gibraltar contends that the Lanham Act applies because trademarks are at issue in this case and two of the remedies Gibraltar seeks are provided in federal law. Gibraltar's demand for arbitration requests, inter alia, a declaratory judgment and an injunction against Otoki's future use of the disputed

---

**1** Numerous other actions have been filed involving the same parties and dispute. Inasmuch as we lack subject matter jurisdiction here, we have no occasion to address them.

3

trademarks. Injunctive relief is available under the Lanham Act in proper circumstances, 15 U.S.C. § 1116, and declaratory relief is available under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Gibraltar's arguments are unpersuasive. A dispute does not invoke federal jurisdiction simply because the plaintiff seeks a remedy that happens to be available in a federal statute. A violation of the federal law is a necessary predicate for claiming the remedies of the Lanham Act. 15 U.S.C. § 1116(a). As the district court put it:

> If asking for a federal remedy without alleging a violation of a federal right invoked subject-matter jurisdiction, then the Arbitration Act, being a federal remedy, would furnish jurisdiction. It does not, however. Moses H. Cone, 460 U.S. at 25, n.32. Gibraltar's argument thus attempts to pull this case into the arena of federal jurisdiction by its bootstraps, which neither the Arbitration Act nor the Lanham Act allows.

Gibraltar has in fact failed to allege a violation of the Lanham Act. Under the Act, "a complainant must demonstrate that it has a valid, protectible trademark and that the defendant's use of a colorable imitation of the trademark is likely to cause confusion." Lone Star Steakhouse & Saloon v. Alpha of Va., Inc., 43 F.3d 922, 930 (4th Cir. 1995) (emphasis added); accord 15 U.S.C. § 1114(1)(a) (Lanham Act violated if a party "use[s] in commerce" a trademark in a manner "likely to cause confusion, or to cause mistake, or to deceive"). None of Gibraltar's allegations address the type of infringing use covered by the Lanham Act. Gibraltar does not even address the substantive standard of the Lanham Act -- the use of marks or imitations likely to cause confusion among consumers. 15 U.S.C. § 1114. What Gibraltar protests in this case is use in violation of rights of ownership. Indeed, Gibraltar's demand for arbitration speaks of Otoki's alleged violation of the Joint Venture Agreement between the two parties. The Lanham Act is designed to address the registration and infringement of trademarks, not ownership disputes arising out of contracts.**2**

_____

**2** The Lanham Act addresses the issue of ownership only in the context of actual infringement disputes. See, e.g., Brittingham v. Jenkins, 914

4

Gibraltar also attempts to find jurisdiction under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. However, like the Federal Arbitration Act, the DJA does not provide a source of jurisdiction which is independent of substantive federal law. Franchise Tax Board v. Constr. Laborers Vacation Trust, 463 U.S. 1, 16-17 n.14 (1983). Gibraltar's DJA claim, therefore, must fall back on the Lanham Act for subject matter jurisdiction. Since Gibraltar alleges no violation of the Lanham Act, its attempt to rely on the DJA likewise fails.

The Lanham Act does not confer jurisdiction simply because the subject in dispute is a trademark. In essence, this case is a contract dispute between the two companies over the ownership of property. If the property at issue were lawnmowers rather than trademarks, the proper legal resolution of the case would be no different. A dispute over property ownership does not properly fall under federal law just because the property is a federally-created interest like a trademark or a copyright. See Speedco Inc. v. Estes, 853 F.2d 909, 912-913 (Fed. Cir. 1988). "[S]tate courts are competent to resolve disputes likely to be dominated by ordinary contract principles . . . even though the subject of the dispute is a right created by federal law." Saturday Evening Post Co. v. Rumbleseat Press Inc., 816 F.2d 1191, 1194 (7th Cir. 1987). For federal jurisdiction to lie, federal law must provide the cause of action or the exclusive remedy, or the case must involve a substantial federal interest. See T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964). "The general interest that copyrights [or trademarks], like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test." Id.

III.

Viewed from any perspective, this is not a Lanham Act case; it is a simple contract dispute. It poses not a question of infringement, but a question of ownership. Resolution does not depend on the Lanham

_____

F.2d 447 (4th Cir. 1990). The Act provides presumptive ownership of trademarks to those holding certificates of registration, 15 U.S.C. § 1057(b), and conclusive evidence of ownership to those who have held such certificates unchallenged for five consecutive years, 15 U.S.C. § 1115(b), with certain exceptions, see Brittingham, 914 F.2d at 453.

5

Act or any other federal law, but rather upon the construction of the contract under Puerto Rican law. We therefore have no business hearing it in federal court. For this reason, we affirm the judgment of the district court.

AFFIRMED

6