ENERGY RECOVERY, INC., Plaintiff,

v.

Leif J. HAUGE and Energy Recovery
International, Inc., Defendants.

Civ.A. No. 2:00CV431.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 1, 2000.

## MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss, or in the alternative, to Stay Count I of Plaintiff's Complaint. Defendants contend that Plaintiff's Complaint lacks subject matter jurisdiction and fails to state a claim upon which relief can be granted. The Court conducted a hearing on Defendants' Motion on October 31, 2000. For the reasons outlined below, Defendants' Motion to Dismiss, or in the alternative, to Stay Count I of Plaintiff's Complaint is **DENIED**

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Energy Recovery, Inc., ("Plaintiff"), manufactures and sells a device known as the "pressure exchanger." The pressure exchanger was invented in 1986 by Defendant Leif J. Hauge ("Hauge") and is used to desalinate water. Various improvements have been made to the pressure exchanger since 1986, resulting in four patents and several pending patent applications for the product.

Patent rights for the pressure exchanger were previously owned by Hauge International, a Norwegian company for which Defendant Hauge was the principal shareholder and founder. When continued financing became difficult in Norway, De-

fendant Hauge sought opportunities in the United States to finance continued pressure exchanger improvements. To facilitate this goal, Defendant Hauge agreed to assign to Plaintiff all existing patent rights and any "future changes, adaptions and developments," in a written agreement dated December 15, 1993.

As the initial President, Chief Executive Officer, and Chairman of the Board of Plaintiff Energy Recovery, Inc., Defendant Hauge and Plaintiff made additional improvements to the pressure exchanger, but not without operational and financial difficulties. As a result, on January 29, 2000, Plaintiff's Board of Directors removed Defendant Hauge from his official position. Defendant Hauge then resigned from Plaintiff's Board of Directors and sometime in February 2000 formed a new company, Defendant Energy Recovery International, Inc.

Alleging that a final transfer of pressure exchanger patent rights had never occurred between himself and Plaintiff, Defendant Hauge claimed that it had always been understood that he would "retain control of [Plaintiff] as well as the various patents." Defendant Hauge thereafter registered all pressure exchanger patents with the U.S.Patent and Trademark Office, and by written agreement dated March 3, 2000, assigned all pressure exchanger patent rights to his new company, Defendant Energy Recovery International, Inc. Defendant Hauge's actions were possible because Plaintiff had never registered the pressure exchanger patents in its name.

Defendant Hauge took additional measures to communicate his claim of sole ownership over the pressure exchanger patent rights. By letter dated March 25, 2000, Defendant Hauge allegedly notified two hundred (200) of Plaintiff's customers that all pressure exchanger patent rights were assigned to his new company, Defendant Energy Recovery International, Inc., and Defendant Hauge threatened legal action against any unauthorized use of the pressure exchanger. In addition, by letter

dated April 23, 2000, Defendant Hauge informed Plaintiff's shareholders that Plaintiff was "being sued by myself for patent infringement," and alleged that a final transfer of pressure exchanger patent rights had never occurred between Defendant Hauge and Plaintiff. Defendant Hauge's letters notwithstanding, the pleadings do not indicate that Defendant Hauge has initiated any legal actions against Plaintiff or Plaintiff's customers for patent infringement.

On or about March 24, 2000, Plaintiff filed an action in Virginia state court claiming tortious business interference, misappropriation of trade secrets, detinue, and common law and statutory conspiracy. On June 12, 2000, with its state court action still pending, Plaintiff filed a three count complaint in the United States District Court for the Eastern District of Virginia. In its federal complaint, Plaintiff alleges, *inter alia*, unfair competition and cyber piracy by Defendants under the Lanham Act, 15 U.S.C. § 1125, and Plaintiff seeks a declaration of patent non-infringement in Count I of its complaint under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Defendants filed a motion on July 19, 2000, to dismiss Count I of Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, or in the alternative, to stay Count I of Plaintiff's complaint. On October 31, 2000, the Court conducted a hearing on Defendants' motion.

## II. LEGAL STANDARDS

As Defendant has raised two alternative grounds in it Motion to Dismiss, the Court is governed by two distinct legal standards. First, in the context of a Rule 12(b)(1) motion to dismiss, the Court assumes that all factual allegations in the complaint are true, *see Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982), but the plaintiff has the burden of proving subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United*

*States,* 945 F.2d 765, 768 (4th Cir.1991). While the Court may consider evidence outside the pleadings to determine whether subject matter jurisdiction exists, "the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

■ Alternatively, under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed when it fails "to state a claim upon which relief can be granted." However, a motion to dismiss should not be granted unless it is beyond doubt that a plaintiff can prove no set of facts which would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Similar to a 12(b)(1) motion to dismiss, the Court must accept as true the allegations in a complaint and draw all reasonable inferences in favor of a plaintiff. *See Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Boring v. Buncombe County Bd. Educ.,* 136 F.3d 364, 367 (4th Cir.1998). Thus, the standard for granting a motion to dismiss pursuant to Rule 12(b)(6) is strict. *See Loe v. Armistead,* 582 F.2d 1291, 1295 (4th Cir.1978).

## III. DISCUSSION

Defendants first claim that Plaintiff's declaratory judgment action, for which diversity of citizenship is not alleged, lacks subject matter jurisdiction and fails to state a claim upon which relief can be granted. Second, Defendants claim that the instant action is essentially a contract dispute over patent ownership governed by state contract law, thus precluding federal question jurisdiction. Although patent ownership is an issue of contention in the instant action, Plaintiff argues that federal question jurisdiction is still present because its well-pleaded complaint properly states a claim under federal laws. Plaintiff also contends that even if the patent ownership issue must be resolved at some point during this action, its well-pleaded complaint will still provide a basis for federal question jurisdiction.

### a. Declaratory Judgment Act

■ The federal Declaratory Judgment Act allows district courts to "declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or c[an] be sought." 28 U.S.C.A. § 2201(a) (1994 & Supp. IV 1999). The Court's power to grant declaratory relief is discretionary, and should be invoked for appropriate cases only. *See Centennial Life Insurance Co. v. Poston,* 88 F.3d 255, 256 (4th Cir.1996); *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239–40, 57 S.Ct. 461, 81 L.Ed. 617. An appropriate case is one where a plaintiff has an objective and reasonable apprehension of future litigation, which is of sufficient immediacy and reality, that a declaration of legal rights "will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." *Id.* at 256–57 (quoting *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir.1937)). The plaintiff in a declaratory judgment action has the burden of proving by a preponderance of the evidence that an actual controversy existed from the time of filing throughout the pendency of the suit. *See CAE Screenplates, Inc. v. Beloit Corp.,* 957 F.Supp. 784, 788 (E.D.Va.1997) citing *Spectronics Corp. v. H.B. Fuller Co., Inc.,* 940 F.2d 631, 635 (Fed.Cir.).

■ As parties must switch their plaintiff and defendant roles in a declaratory judgment action, subject matter jurisdiction is based upon whether a defendant could have initially brought the threatened litigation action for which declaratory relief is sought. *See Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 16–17 n. 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). However, the Declaratory Judgment Act does not operate as "a source of jurisdiction which is independent of substantive federal law." *Gibraltar, P.R., Inc. v. Otoki Group, Inc.,*

104 F.3d 616, 619 (4th Cir.1997) (citing *Franchise Tax Board of California*, 463 U.S. at 16–17 n. 14, 103 S.Ct. 2841). "The Act ... merely provides an additional remedy in cases with an independent basis of jurisdiction." *Microstrategy, Inc. v. Convisser, et al.*, 2000 WL 554264 (E.D.Va. 2000) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)).

In the instant action, because diversity of citizenship is not alleged to exist between Plaintiff and Defendants, a federal question is required. Therefore, as an initial matter, the Court must determine if federal question jurisdiction is present.

b. Subject Matter Jurisdiction

Plaintiff relies upon 28 U.S.C. § 1338(a) of the patent laws as providing federal question jurisdiction. Plaintiff claims that because Defendants have threatened a patent infringement action, a well-pleaded complaint by Defendants would "arise under" the federal patent laws. On the other hand, Defendants argue that Plaintiff's complaint lacks subject matter jurisdiction because the relief sought by Plaintiff is dependent upon a determination of patent ownership as governed by state contract law.

Title 28 of the United States Code, section 1338(a), grants federal courts exclusive jurisdiction over civil patent actions. It states in pertinent part:

> [t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

28 U.S.C. § 1338(a) (1994 & Supp. IV 1999). Despite its broad scope, not all cases involving patents arise under 28 U.S.C. § 1338(a) as a jurisdictional matter. *See New Marshall Engine Co. v. Marshall Engine Co.*, 223 U.S. 473, 478–80, 32 S.Ct. 238, 56 L.Ed. 513 (1912). "Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject matter of the controversy." *Id.* at 478, 32 S.Ct. 238. As a result, the distinction between cases arising under 28 U.S.C. § 1338(a) and state contract law "is a very subtle one." *Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 969 n. 2 (4th Cir.1990) (quoting Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3582, at 307).

The United States Court of Appeals for the Federal Circuit ("Federal Circuit"), which has exclusive jurisdiction over all federal district court appeals involving patent infringement actions, has provided guidance on this issue.[1] *See AHJ Vink v. Hendrikus Johannes Schijf, Rolkan, N.V.*, 839 F.2d 676, 677 (Fed.Cir. 1988). When determining federal question jurisdiction in patent infringement actions, the Federal Circuit applies the well-pleaded complaint rule. *See Id.* at 678. Therefore, under this rule, a non-federal defense, such as a contract claim of patent ownership, does not defeat federal question jurisdiction. *See Id.* at 678–79. Federal question jurisdiction is also not defeated if a non-federal defense requires resolution before the federal question of patent infringement can be addressed. *Id.*

For jurisdictional purposes, the critical factor is the plaintiff's well-pleaded complaint. "As long as the complaint asks for a remedy expressly provided by [28 U.S.C. § 1338(a) ] ... 'a suit arises under the law that creates the cause of action.'" *Arthur Young*, 895 F.2d at 970 (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916)). For example, in *Vink v. Hen-*

---

1. "Because the Federal Circuit has exclusive jurisdiction over appeals from all United States District Courts in patent litigation ... the rule[s] that it applies ... [are] of special importance to the entire Nation." *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 89, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993).

*drikus Johannes Schiff, Rolkan, N.V.,* 839 F.2d 676 (Fed.Cir.1988), the Federal Circuit held that subject matter jurisdiction was present in a patent infringement action even though a non-federal question of patent ownership required determination prior to addressing the federal question of patent infringement. *Id.* at 678–79. The Federal Circuit stated in *Kunkel v. Topmaster Int'l, Inc.,* 906 F.2d 693 (Fed.Cir. 1990), that "a district court is not precluded ... from resolving non-patent questions that arise in patent suits; merely because a question of contract law must be decided prior to reaching the infringement question does not defeat federal subject matter jurisdiction." *Id.* at 695–96 (internal quotation and citation omitted). Similarly, in *Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc.,* 755 F.2d 1559 (Fed.Cir.1985), the Federal Circuit held that a complaint alleging patent infringement still arose under federal law despite the fact that a licensing agreement dispute required resolution prior to a patent infringement determination. *Id.* at 1565–66

In *Textron Lycoming Reciprocating Engine Division, AVCO Corp. v. United Automobile, Aerospace and Agricultural Implement Workers of America,* 523 U.S. 653, 118 S.Ct. 1626, 140 L.Ed.2d 863 (1998), the Supreme Court addressed the issue of federal question jurisdiction when a declaratory judgment plaintiff seeks a declaration of patent non-infringement. In that case, the Supreme Court noted that:

> In Franchise Tax Board ... we observed, with seeming approval, that [f]ederal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question ... The cases brought forward to support that observation ... were suits by alleged patent infringers to declare a patent invalid, which of course themselves raise a federal question.

*Id.* at 660 n. 4, 118 S.Ct. 1626 (internal quotation and citation omitted); *see also General Tire & Rubber Co. v. Watkins,* 326 F.2d 926, 928 (4th Cir.1964) ("The cases leave no doubt that a declaratory judgment suit alleging the invalidity of a patent and non-infringement thereof vest subject matter jurisdiction in the [federal] court under 28 U.S.C. § 1338(a)"). The instant action fits squarely within those actions described by the Supreme Court in *Textron.* Therefore, assuming that Defendants brought a coercive action to enforce their purported patent rights, the Court must ask whether a well-pleaded complaint by Defendants would necessarily present a federal question.

■ In the instant action, the Court finds that a federal question would necessarily be presented. Defendant Hauge allegedly mailed letters to two hundred (200) of Plaintiff's customers threatening legal action against any use of the pressure exchanger not authorized by Defendants. Defendant Hauge registered himself as the sole owner of the pressure exchanger patents with the U.S.Patent and Trademark Office. Furthermore, Defendant Hauge mailed letters to Plaintiff's shareholders claiming that Plaintiff was "being sued by myself for patent infringement." Although the pleadings do not indicate that such an action has been filed, Defendant Hauge nevertheless threatened patent infringement litigation against Plaintiff and Plaintiff's customers.

Therefore, if Defendants brought a coercive action to enforce their purported patent rights (*i.e.;* a civil patent infringement action), a well-pleaded complaint would necessarily present a federal question. Because patent ownership issues would only enter such an action as a potential defense by Plaintiff, federal question jurisdiction is not defeated in Plaintiff's declaratory judgement action.

Defendants cite in support of their position several infringement cases under 28 U.S.C. § 1338(a), and most notably *Combs v. Plough, Inc.,* 681 F.2d 469 (6th Cir.

1982), where infringement and contract law issues were intertwined but federal subject matter jurisdiction was not found. *See id.* First, these cases do not involve a declaratory judgment plaintiff, and second, they involve plaintiffs who pleaded facts sounding in contract law. *See id.* As the master of his claim, a plaintiff can plead facts alleging a patent infringement or a breach of contract action, but a plaintiff may not couch a contract claim in terms of patent infringement. *AHJ Vink*, 839 F.2d at 678. However, these issues are not present in the instant action. Plaintiff has made a well-pleaded complaint for a declaration of patent non-infringement, and Defendants have threatened a patent infringement action against Plaintiff. Therefore, Plaintiff's claim does not sound in contract, nor is it a simple contract action couched in terms of patent infringement, but rather, a properly pleaded federal claim.

Another case cited by Defendants is *Gibraltar, Inc. v. Otoki Group, Inc.*, 104 F.3d 616 (4th Cir.1997), and it is worthy of special comment. In *Gibraltar*, a plaintiff requested declaratory relief concerning the future use of disputed trademarks, but subject matter jurisdiction was not found. *See id.* Like the instant action, the parties did not allege diversity of citizenship and so federal question jurisdiction was required. *See id.* However, that case is inapposite to the instant action. In *Gibraltar*, the plaintiff's complaint requested various federal remedies, including declaratory relief, but failed to allege any violations of a federal right. *See id.* Because federal question jurisdiction cannot be premised upon a facially deficient complaint, the Court dismissed the case. However, in the instant action, the Court finds that Plaintiff's complaint alleges violations of its federal rights under the patent laws.

Defendants further argue that the Court should decline its discretionary supplemental jurisdiction over the pendant state contract law issues presented in this action because they are wholly unrelated to, and completely predominate over, the federal Lanham Act claims presented in Counts II and III of Plaintiff's complaint. *See* 28 U.S.C. § 1367. First, because patent ownership represents, at most, a necessary predicate issue to a determination of patent non-infringement, the Court finds that patent ownership issues do not completely predominate over this action. Second, precisely because patent ownership represents a necessary predicate issue, it is sufficiently related to Plaintiff's patent non-infringement claim to afford Plaintiff a basis for supplemental jurisdiction. *See Loral Fairchild Corp. v. Matsushita Electric Industrial Co., Ltd.*, 840 F.Supp. 211, 215–216 (E.D.N.Y.1994). Therefore, at this juncture, Defendant's supplemental jurisdiction argument is of no import to the instant action.

In addition, the Declaratory Judgment Act requires the existence of "a case of actual controversy" between a plaintiff and defendant to obtain relief. 28 U.S.C. § 2201. This requirement is met in patent cases when a threat of infringement is made directly or indirectly. *See Dr. Beck & Co. v. General Electric Co.*, 317 F.2d 538, 539 (2d Cir.1963); *see also Diagnostic Unit Inmate Council v. Motion Picture Assoc. of Amer., Inc.*, 953 F.2d 376, 378 (8th Cir.1992) (stating that an express or implied charge of copyright infringement is generally sufficient to meet the actual case or controversy requirement under the Declaratory Judgment Act).

The Federal Circuit developed a two-prong test in patent infringement actions to determine when a justiciable controversy exists within the meaning of the Declaratory Judgment Act. Under this test, a district court should determine whether:

> (1) "... the defendant's conduct ... created on the part of the plaintiff a reasonable apprehension that the defendant will initiate suit if the plaintiff continues the allegedly infringing activity," and

(2) "... the Plaintiff ... [has] actually ... either produced the device or ... prepared to produce th[e] device [that is the subject matter of the controversy]."

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 955 (Fed.Cir.1987) (quoting *Indium Corp. v. Semi–Alloys, Inc.*, 781 F.2d 879, 882–83 (Fed.Cir.1985)). The Federal Circuit Court further added that, "[w]here the defendant raises factual questions concerning jurisdiction, the court need not accept the allegations of the complaint as true ... [but] may look behind the complaint and view the evidence to determine whether a controversy in fact exists." *Id.*

■ Applying this test to the instant action, the Court finds that both prongs of the test are fully met. As stated previously, Defendant Hauge mailed letters to Plaintiff's shareholders claiming that "Plaintiff was being sued by myself for patent infringement." Defendant Hauge also allegedly mailed letters to two hundred (200) of Plaintiff's customers threatening legal action against any use of the pressure exchanger not authorized by him. Defendant Hauge, who was the inventor of the pressure exchanger, also registered the pressure exchanger patents with the U.S.Patent and Trademark Office in his own name, and assigned his purported patent rights to his new company, Defendant Energy Recovery International, Inc. The Court finds that these actions were sufficient to give Plaintiff a reasonable apprehension of being sued for patent infringement by Defendants. As the Court of Appeals for the Fourth Circuit observed in *United States Galvanizing & Plating Equip. Corp. v. Hanson–Van Winkle–Munning Co.*, 104 F.2d 856, 860 (4th Cir. 1939):

A real controversy admitting of judicial determination exist[s] between [a] plaintiff and defendant as to whether [a] machine which [a plaintiff] has manufactured ... for its customers constitute[s] an infringement of ... patents relied upon by [a] defendant, and as to wheth-

er [a] defendant [i]s violating [the] rights of [a] plaintiff in giving notices of infringement to its customers ... [I]t [i]s to meet ... such ... situations that the declaratory judgment statute was enacted.

*Id.* The second prong of this test is also met as Plaintiff continues to manufacture and sell the pressure exchanger device.

■ Defendants argue that although Defendant Hauge's letters evince the possibility of some kind of litigation, they do not present a substantial or immediate controversy sufficient to invoke declaratory relief. The Court finds this argument unpersuasive. Defendant Hauge's letters and actions have demonstrated an intent to assert sole dominion and control over the pressure exchanger patents, and a desire to protect his purported patent rights. Defendants also argue that an actual controversy does not exist within the meaning of the Declaratory Judgment Act because Plaintiff is not the conclusive owner of the patents. This argument is equally unpersuasive. As previously discussed, a conclusive adjudication as to patent ownership is not a necessary prerequisite to meeting the actual case or controversy requirement in a declaratory judgment action. *See, e.g., AHJ Vink*, 839 F.2d at 678–79; *Kunkel*, 906 F.2d at 695–96;. *Air Products and Chemicals, Inc.*, 755 F.2d at 1563–64. As both parties have made non-frivolous assertions that they are the rightful owners of pressure exchanger patent rights, the Court finds that the actual case or controversy requirement is met in the present action. *See Air Products and Chemicals, Inc.*, 755 F.2d at 1564; *Kunkel, et al.*, 906 F.2d at 695–96.

In sum, the Court finds that subject matter jurisdiction is present in the instant action. The Court further finds that Plaintiff has stated a claim upon which relief can be granted. Based upon careful consideration of the pleadings, arguments made by counsel at the hearing, and accepting as true the allegations in Plaintiff's complaint, it is not beyond doubt that

Plaintiff could prove no set of facts entitling it to relief. *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. Accordingly, Defendants' Motion to Dismiss Count I of Plaintiff's Complaint is **DENIED.**

c. Abstention

In the alternative, Defendants request that Plaintiff's declaratory judgment action be stayed. It is uncontested that Plaintiff has previously filed a state court action against Defendants that is still pending. Defendants argue that given the expertise of the state court with state law issues, judicial economy counsels against trying these issues at the present time when there exists a pending state action involving the same parties and identical state contract law issues. In contrast, Plaintiff argues that although patent ownership underlies some of the claims in its state court action, there is no independent claim for patent ownership. Plaintiff further argues that because no trial date has been set or settlement conference scheduled in its state court action, which has been pending for approximately seven months, judicial economy favors prompt disposition of all three counts of its federal complaint in one proceeding.

■ When determining the appropriateness of granting declaratory relief or staying a declaratory judgment action, district courts employ a flexible standard. *See Wilton v. Seven Falls Co. et al.*, 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The Supreme Court articulated this standard in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). *See id.* District courts may use their discretion to weigh and consider the specific factors presented by each case. *See id.* These factors include whether declaratory relief would interfere with a pending state court proceeding and whether legal issues not foreclosed under applicable substantive laws, could be better settled in a state court proceeding. *See id.* at 282, 115 S.Ct. 2137. District Courts should also avoid piecemeal litiga-

tion. *See id.; Aetna Cas. & Sur. Co. v. Ind–Com Electric Co.*, 139 F.3d 419, 422 (4th Cir.1998). Under *Brillhart*, a district court is not limited to considering these factors just enumerated, but may consider all factors relevant to the particular case at bar. *See Wilton*, 515 U.S. at 289, 115 S.Ct. 2137.

■ In the instant action, the Court finds that proceeding concurrently with all three counts of Plaintiff's federal complaint would avoid piecemeal litigation of the instant action without resulting in substantial interference with Plaintiff's pending state proceeding. This conclusion is premised upon several circumstances presented by this case.

First, Counts II and III of Plaintiff's three count complaint allege Lanham Act violations that invoke federal jurisdiction. Therefore, regardless of the outcome as to Count I, this action will continue in federal court as to Counts II and III. Second, because Count I involves both patent infringement and patent ownership issues, the state court lacks jurisdiction to address all issues presented in Count I of Plaintiff's federal complaint. Third, although some hearings have been held in Plaintiff's state court action—an action that has been pending for approximately seven months—no trial date has been set or settlement conference scheduled. Furthermore, it does not appear that the patent ownership issue has been substantively addressed by the state court. A transcript submitted with Plaintiff's pleadings indicates that pending further research, the state court will reserve judgment on whether it has jurisdiction over the patent ownership and assignment issues presented in this case. Finally, because Plaintiff's state court action is not identical to its federal court action, prompt resolution of the patent ownership issue is not guaranteed.

Given these circumstances, the Court finds that staying Count I while proceeding with Counts II and III of Plaintiff's

federal complaint, would result in piecemeal litigation of Plaintiff's federal action, which should be avoided. Furthermore, because there does not appear to be substantial movement on the patent ownership issue in state court, moving forward with Count I of Plaintiff's complaint will not result in excessive entanglement or interference with state court proceedings, or offend principles of federalism, comity and efficiency. Therefore, with all three counts of Plaintiff's federal complaint squarely within this Court's subject matter jurisdiction, the Court finds that judicial economy weighs in favor of proceeding with all three counts concurrently. Accordingly, Defendants' Motion to stay Count I of Plaintiff's Complaint is **DENIED.**

### IV. CONCLUSION

For the foregoing reasons, the Court finds that subject matter jurisdiction is present and that Plaintiff has stated a claim upon which relief can be granted in Count I of Plaintiff's Complaint. Furthermore, to allow prompt disposition and avoid piecemeal litigation of Plaintiff's federal action, the Court also finds that a stay of Count I of Plaintiff's complaint is inappropriate. Accordingly, Defendants' Motion to Dismiss, or in the alternative, to Stay Count I of Plaintiff's Complaint is **DENIED.** The Court **ORDERS** representatives for Plaintiff and Defendants, and respective Counsel for Plaintiff and Defendants, to attend a settlement conference with a federal magistrate judge for the Eastern District of Virginia.

The Clerk is **DIRECTED** to mail a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**